UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frank Porto<br><br>Plaintiff<br><br>VS.<br><br>Metro-North Railroad Company<br><br>Defendant | Civil Action<br>No: 3:01CV02345(JCH)<br><br><br><br>April 14, 2005 |

## JOINT TRIAL MEMORANDUM

(1) **TRIAL COUNSEL**:

Charles C. Goetsch, Esq.
Scott Perry, Esq.
CAHILL, GOETSCH & MAURER, P.C.
Attorney for Plaintiff
43 Trumbull Street
New Haven, Connecticut 06511
(203)777-1000

Charles Deluca, Esq.
Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth Street
Stamford, CT 06905
203-357-9200

(2) **JURISDICTION:** This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

(3) **JURY/NON-JURY:** This is a jury case.

**(4) LENGTH OF TRIAL:** This case will require five (5) full days of testimony.

**(5) FURTHER PROCEEDINGS:**

None anticipated.

**(6) NATURE OF CASE:**

Pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., the plaintiff, Frank Porto, brings this action for damages against the defendant Railroad for personal injuries suffered by him while in the employ of the defendant Railroad. The plaintiff asserts that his injuries were caused in whole or in part by the negligence of the defendant Railroad.

The plaintiff claims damages for lost earnings and benefits, impairment to his future earning capacity, permanent physical impairment, past and future pain, suffering, mental anguish, disfigurement, and loss of enjoyment of life's activities.

Metro-North is pursuing its affirmative defenses of contributory negligence, failure to mitigate damages and a credit or set-off for medical bills paid by it.

**(7) ELECTION FOR TRIAL BY MAGISTRATE:**

The parties have not agreed to a trial by Magistrate.

**(8)   LIST OF WITNESSES:**
   A. List Of Witnesses Plaintiff Definitely Will Call:

**Plaintiff Frank Porto, MN electrician: 17 Melrose Ave., Branford, CT**

Mr. Porto is expected to testify about the circumstances and events surrounding his injuries. He also will testify about the duties of a Metro-North Electrician, the medical treatment he received, his rehabilitation efforts, the pain and suffering he endured and continues

to endure, his loss of enjoyment of life's activities, his disfigurement, and his lost wages and medical expenses.

**Plaintiff's Wife**

Ms. Porto is expected to testify about her husband's before and after condition, including rehabilitation efforts, the pain and suffering he endured and continues to endure and his loss of enjoyment of life's activities.

**Johnny Van Steenbergen, MN electrician: 243 Old Sachems Head Rd, Guilford, CT**

Mr. Van Steenbergen is expected to testify concerning the circumstances and events surrounding the plaintiff's accident

**Jim Cox, Metro-North Foreman:**

Mr. Cox is expected to testify concerning the circumstances and events surrounding the plaintiff's accident

**Richie DeCava, MN Foreman: 6 Kathy Dr., Seymour, CT**

Mr. DeCava is expected to testify concerning the circumstances and events surrounding the plaintiff's accident

**Art Platt, Metro-North Foreman: 176 Poverty Road, Southbury, CT**

Mr. Platt is expected to testify concerning the circumstances and events surrounding the plaintiff's accident

**Thomas Quinn, Metro-North General Foreman**

Mr. Quinn will testify regarding the circumstances and events surrounding the plaintiff's injury, including the Supervisor's Injury Report.

**Richard Webster, MTA/Metro-North employee**

Mr. Webster will testify regarding his investigation of the circumstances and events surrounding the plaintiff's injury, including his written report.

**Peter Olszyk, Metro-North employee**

Mr. Olszyk will testify regarding the icy ground conditions in first half of January 1999 in area of New Haven Yard.

**Edward Valente, Metro-North employee**

Mr. Valente will testify regarding the icy ground conditions in first half of January 1999 in area of New Haven Yard.

**Alex Turner, Metro-North employee**

Mr. Turner will testify regarding the icy ground conditions in first half of January 1999 in area of New Haven Yard.

**Dr. John Aversa, Connecticut Orthopaedic Specialists, 2408 Whitney Ave., New Haven, CT**

Dr. Aversa, the plaintiff's primary orthopaedic treating physician, is expected to testify about his diagnosis, examinations, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation.

**Dr. Martin Hasenfeld, 330 Orchard Street, New Haven, CT**

Dr. Hasenfeld, plaintiff's neurologist is expected to testify about his diagnosis, examinations, and course of treatment for the plaintiff as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability, and causation.

**James S. Cohen, Ph.D., 8 Barbara's Way, Ellington, CT**

Dr. Cohen, plaintiff's vocational expert, will testify concerning the plaintiff's employability and economic loss pursuant to his Employability and Earning Capacity Report.

B. **List of Witnesses Plaintiff May Call:**

**Fred Chidester, Metro-North Manager**

Mr. Chidester is expected to testify concerning the circumstances and events surrounding the plaintiff's accident

**Dr. Philip Luchini, 1481 Chapel St., New Haven, CT**

Dr. Luchini, one of plaintiff's orthopaedic treating physicians, is expected to testify about his diagnosis, examinations, and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation.

**Dr. Paula LeShine, Ph.D.**

Dr. LeShine, plaintiff's psychologist, is expected to testify about her diagnosis, examinations and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation.

**Dr. John Brogden**

Dr. Brogden may testify regarding his June 14, 1993 examination of the plaintiff at the Yale New Haven Hospital Emergency Service.

**Metro-North Union Representative**

A Union representative is expected to testify regarding plaintiff's rate of pay, lost overtime calculations, benefits, work, and safety rules.

**Atilal Lee, or another representative of the Metro-North Benefits Department, 347 Madison Avenue, NY, NY**

Atilal Lee (or other Benefits Department employee) is expected to testify regarding the value of the fringe benefits applicable to Metro-North electricians (if the parties can't agree on the value).

*The plaintiff reserves his right to call any and all witnesses to the facts and circumstances surrounding the incident that is the subject of this lawsuit, including but not limited to individuals who investigated the accident on behalf of Metro-North.*

### B. Defendant's List Of Witnesses:

In addition to the witnesses listed by the plaintiff, the defendant may call the following witnesses:

**Definitely call**

**Dr. Andrew Bazos, Brookfield, CT**

Dr. Bazos will testify in accordance with his Rule 26(f) report and his deposition testimony. In sum, Dr. Bazos will testify that the incident that forms the subject matter of this case caused the plaintiff a temporary injury to his knee. That the plaintiff had significant preexisting problems with his knee and that the eventual surgical procedures and medical issues suffered by the plaintiff with regard to his left would have occurred even in the absence of the subject incident. He will further testify that the subject incident has no causation relationship to any problems the plaintiff suffered with regard to his right knee and that any injury to the plaintiff's spine was a self-limiting soft-tissue injury. To the extent the plaintiff is disabled from work, it is not due to the subject incident.

**RPA Joanne Feliciano, OHS, Metro-North, NYC**

Ms. Feliciano will testify regarding the disqualification of the plaintiff from work at Metro-North. In

sum, Ms. Feliciano will testify that the determination that the plaintiff is disqualified from work is based upon the reports from the plaintiff's treating physicians.

**Metro-North ADA representative**

A representative of Metro-North's ADA Department will testify regarding the ADA options available to the plaintiff and his failure to pursue same.

(9)     **DEPOSITION TESTIMONY:**

At this time, the parties believe the plaintiff's treating physician, Dr. John Aversa, will be testifying by a video deposition (the transcript of that deposition will be marked for any objections and submitted for the Court's ruling two weeks before the Pre-Trial Conference). All other witnesses should be available to testify at trial, but reserve the right to read deposition testimony if witnesses are not available and also any parts of defendant witness depositions pursuant to F.R.Civ.P 32(a)(1)(2), and (4).

(10) **INTERROGATORIES / REQUESTS TO ADMIT:**

Plaintiff reserves the right to introduce Metro-North's response to plaintiff's Interrogatory #5.

(11)    **LIST OF EXHIBITS:**

**Plaintiff's Exhibits:**

1. Supervisor's Injury Report, 1/17/99
2. Statement of John Vansteenbergen  **(Metro-North objects on hearsay grounds)**
3. Photos of site where plaintiff injured

4. NOAA Local Climatological Data for January 1999  **(Metro-North objects on hearsay grounds)**

5. Hospital of St. Raphael ER Report, 1/17/99

5a. Hospital of St. Raphael Occupational Health Report, 1/18/99

6. Supervisor's Injury Report, 5/13/99

7. Spring Glen Medical Center Operative Report (left knee), 1/28/00

8. Hospital of St. Raphael Operative Report (left knee), 4/29/03

9. Hospital of St. Raphael Operative Report (right knee), 3/16/04

10. MRI Report and/or film of Left Knee, 1/22/99

11. MRI Report and/or film of Left Knee, 7/27/99

12. MRI Report and/or film of Right Knee, 7/27/99

13. MRI Report and/or film of Left Knee, 10/24/02

14. MRI Report and/or film of Right Knee, 10/28/02

15. MRI Report and/or film of Right Knee, 11/21/03

16. MRI Report and/or film of Spine, 7/1/02

17. Various photos of plaintiff's injury

18. Metro-North Fringe Benefit Value Summary Sheet  **(Metro-North reserves the right to object pending a review of this proposed exhibit)**

19. Plaintiff's medical bills and/or summary of medical expenses. **(Metro-North reserves the right to object pending a review of this proposed exhibit)**

20. Metro-North payroll/wage records

21. Metro-North OHS Medical Restrictions form 6/24/04

22. Metro-North MD-40 Request for Medical Service 8/27/04

23. Frank Porto Yale New Haven Hospital birth records 1972

24. Yale New Haven Hospital records June 14, 1993

25. Metro-North Medical Department MD-40 September 29, 1993

26. Metro-North Railroad Job Description Sheet for Electrician

27. Metro-North Railroad Medical Guidelines for Electrician

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment*

**Defendant's Exhibits**:

Defendant reserves the right to introduce any of the exhibits listed by the plaintiff and/or to introduce exhibits presently not listed for the purposes of impeachment or rebuttal.

(12)    **ANTICIPATED EVIDENTIARY PROBLEMS**:

As for Exhibit 2, pursuant to Federal Rule of Evidence 801(d)(2)(D), the statement of a Metro-North employee made during the course of his employment is not hearsay but an admission of a party opponent

As for Exhibit 4, Metro-North's hearsay objection to the official NOAA Local Climatological Data for January 1999 is not well-founded. Federal Rule of Evidence 803(8) provides that the records or reports of public agencies are not hearsay, and the Second Circuit applies a presumption in favor of the admissibility of public agency reports. *See, e.g., Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (CA2 2000). The NOAA is an official federal agency charged with gathering and distributing information regarding local weather conditions, and Exhibit 4 is one of NOAA's official monthly reports on local weather information in the south central Connecticut area.

As for Exhibit 18, the Metro-North Fringe Benefit Value Summary Sheet was provided by Metro-North to the plaintiff in the course of discovery, and is admissible as an admission of a party opponent.

As for Exhibit 19, the summary list of medical expenses generated by the plaintiff's injuries presumably can be handled by the same type of stipulation Metro-North agreed to in the recent trial of *Delvecchio v. Metro-North* before Judge Kravitz.

Plaintiff reserves the right to object to the potential testimony of the unidentified Metro-North ADA representative.

(13) **MOTIONS IN LIMINE:**

Assumption of risk is not a defense in FELA cases, and the defendant here is not entitled to use an assumption of risk defense masquerading as contributory negligence.

(14) **GLOSSARY:**

(15) **STIPULATION OF UNCONTROVERTED FACTS:**

The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and having a usual place of business in New Haven, Connecticut.

On January 17, 1999, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, NY and New Haven, CT.

At the time the plaintiff received the injuries complained of, the defendant railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

The life expectancy of a 32 year old white male is 43.7 years.

For workers born after 1960, the retirement age for workers covered by the Railroad Retirement Board is 67.

**CONTESTED ISSUES:**

**(b) 1   VOIR DIRE QUESTIONS:**

Plaintiff's and Defendant's Voir Dire Questions are attached.

**(b) 2   REQUESTS FOR JURY INSTRUCTIONS:**

Plaintiff's and Defendant's Request for Jury Instructions are attached hereto.

**(b) 3   JURY INTERROGATORIES:**

Plaintiff's and Defendant's Jury Interrogatories are attached hereto.

FOR THE PLAINTIFF
By his attorneys,

BY _____
Charles C. Goetsch [ct 0776]
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000

THE DEFENDANT
METRO-NORTH RAILROAD
COMPANY,

BY _____
Robert O. Hickey (19555)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Post Office Box 3057
Stamford, CT 06905
Tel. No. 203-357-9200