UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frank Porto | Civil Action No: 3:01CV02345(JCH) |
|     Plaintiff | |
| VS. | |
| Metro-North Railroad Company | April 14, 2005 |
|     Defendant | |

## **PLAINTIFF'S PROPOSED JURY CHARGES**

Plaintiff, through its undersigned counsel, submits herewith his Proposed Charges to the Jury.

Because these Proposed Charges are based on plaintiff's present understanding of the case, plaintiff reserves the right to submit additional proposed charges.

FOR THE PLAINTIFF

By _____

Charles C. Goetsch, ct00776
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

Request No. 1.

**Attorney Interviews.**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney and told him what he would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness[1].

---

[1] 45 U.S.C. §60.  United Transportation Union et. al v. Metro-North Commuter Railroad Company, 862 F. Supp. 55 (SDNY 1994), 1995 WL 634906 (SDNY 1995); Norfolk Southern Ry. v. Thompson, 430 S.E. 2d 371 (Ga. App. 1993); Harper v. Missouri Pacific R.R. Co., 636 N.E. 2d 1192 (June 30, 1994; International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-44 (2d Cir. 1975).

Request No. 2.

**Attorney Statements At Trial.**

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence and you are not bound by it[2].

---

[2] Philadelphia & Reading Ry. v. Sherman, 247 F.269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912 (CA2 1997); Thomas v. Medco, 1998 U.S. Dist. Lexis 13158 (SDNY August 26, 1998).

Request No. 3.

## **FELA Instruction.**

The plaintiff Frank Porto brings this action against the defendant Metro-North Railroad Company under the Federal Employers Liability Act or FELA.  That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.

The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions." [3]

---

[3] Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971).  See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

Request No. 4.

**Elements.**

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[4]

---

[4] Federal Jury Instructions §89-2 (1993).

Request No. 5.

## **Negligence.**

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[5]

---

[5] Sand, 4 Modern Federal Jury Instructions, §89-8 (1993).

Request No. 6.

**Negligence Defined.**

Negligence is simply the failure to use the same degree of care which a person or ordinary prudence would use in the circumstances of a given situation.  It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.[6]

---

[6] Sand, <u>4 Modern Federal Jury Instructions</u>, §89-9 (1993).

Request No. 7.

**Negligent Acts Of Corporation And Its Employees**

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the plaintiff to establish, by a preponderance of the evidence in the case, that the negligence of one or more officers, or employees, or other agents of the defendant was a cause of any injuries and consequent damages sustained by the plaintiff.

Any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of his duties, is held in law to be the negligence of the corporation.   3 Fed. Jury Prac. and Inst. §94.15 (1977).

If the plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of his employment, then the defendant employer would be responsible for the act or omission of the fellow employee. [7]

---

[7] 3 Fed. Jury Prac. and Inst. §94.11 (1977).

Request No. 8.

**Duty To Guard Against Foreseeable Risks.**

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

The fact that no similar injury ever occurred in a particular location does not foreclose a finding of foreseeability.[8]

---

[8] Sand, 4 Modern Federal Jury Instructions §89-10 (1993), Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108 (1963).

Request No. 9.

**Foreseeable Considerations.**

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[9]

---

[9]  Sand, <u>4 Modern Federal Jury Instructions</u> §89-11 (1993).

Request No. 10.

## Notice

The defendant Railroad has a continuing duty to exercise reasonable care to maintain such facility in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover any defect which would render such facility reasonably unsafe.

Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry.  Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.[10]

---

[10] McKee v. New York Central Railroad Co., 355 F.2d 165, 166 (6th Cir. 1966).

Request No. 11.

**Standard Varies With Level Of Risk.**

The degree of care required by the reasonable care standard varies with the level of risk. The greater the risk of harm, the greater the required level of care.[11]

---

[11] Sand, 4 Modern Federal Jury Instructions §89-12 (1993).

Request No. 12.

## Duty To Provide Safe Place To Work.

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.[12]

---

[12] Sand, 4 Modern Federal Jury Instructions §89-13 (1993).

Request No. 13.

**Duty To Inspect.**

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[13]

---

[13] Sand, 4 Modern Federal Jury Instructions §89-15 (1993).

Request No. 14.

### **Continuing Duty.**

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.[14]

---

[14] Sand, 4 Modern Federal Jury Instructions, §89-16 (1993).

Request No. 15.

## Duty To Provide Safe Tools, Equipment, Appliances And Machinery.

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate instrumentalities, equipment or premises. Liability may be imposed for injuries resulting from the use of defective, unsafe or inadequate tools, machinery and appliances whether the defect is due to design or lack of maintenance.[15]

---

[15] Shenker v. Balt. & O. R. Co., 374 U.S. 1, 10 L. Ed. 2d 709 (1963); Blair v. B & O., 323 U.S. 600 (1945); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281 (9th Cir. 1982).

Request No. 16.

## **Duty To Inspect And Prevent Accumulations Of Precipitation**

The Railroad owes a duty to its employees to inspect for dangerous accumulations of snow, ice or water which menace the safety of its employees in areas where they are requested to work and must use reasonable care to prevent such accumulations.[16]

---

[16] Isgett v. Seaboard Coast Line R. Co., 332 F. Supp. 1127 (D. So. Ca. 1971 ].

Request No. 17.

**Negligence Summary.**

To summarize, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools, or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[17]

---

[17] Sand, <u>4 Modern Federal Jury Instructions</u>, §89-21 (1993).

Request No. 18.

## **Causation.**

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents.  In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.[18]

---

[18]  Sand, 4 Modern Federal Jury Instructions §89-22 (1993); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

Request No. 19.

## **Lack Of Contributory Negligence**

An employee is relieved of the imputation of contributory negligence for obeying an order of his employer which exposes him to danger, unless the danger is so obvious or glaring that no prudent person would follow the order.[19]

---

[19] Gish v. CSX, 890 F.2d 989, 992-993 (7th Cir. 1989); Wilson v. Burlington Northern, Inc., 670 F.2d 780, 783 (8th Cir. 1982).

Request No. 20.

### Contributory Negligence.

[Only if the court rules that the defendant Metro-North Railroad Company is entitled to a defense of contributory negligence].

If the plaintiff proves any one of its claims was in part a cause of his injury, then the defendant is negligent.

In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, the defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff, himself, was a cause of any injuries and consequent damages plaintiff may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions.

If you find that the plaintiff was in some respect contributorily negligent, this finding cannot defeat his right to recover damages but may be considered in mitigation of his damages.[20]

---

[20] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986); F.J.P.I. §94.16; Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

Request No. 21.

## Damages.

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant:

(a) You may include in your verdict the plaintiff's future loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question. The plaintiff may recover not only for actual loss of future earnings, but for the impairment to his earning capacity. In considering impairment of earning capacity for the future, you must consider what the plaintiff's earning power would have been if he had not been injured and determine to what extent the injury caused a reduction in that earning power.

(b) You may also consider the value of his fringe benefits on the Railroad, including the annual value of his medical insurance coverage and pension plans.

(c) In awarding damages, you may take into consideration any medical expenses or other costs which you find from the evidence is reasonably probable that the plaintiff will incur in the future as a result of the injuries received in this accident.

(d) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from the injury in question.

(e) In awarding damages, you may include in your verdict, a sum of money which will reasonably compensate the plaintiff for any pain, suffering, mental anguish, loss of function, inability to enjoy life's normal activities, and fear of the future which you find from the evidence in the case that it is reasonably probable he will suffer in the future from the same cause.

(f) In awarding damages, you may include a sum of money that will reasonably compensate the plaintiff for any scarring and disfigurement he has suffered from the injury in question.

According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 32 year old white male person is 43.7 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age, and that estimate is based on not a complete but only a limited record of experience.  So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age.  In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including his occupation, habits and state of health.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life.  The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff, Frank Porto, in this regard.[21]

---

[21]  L. Sand, Modern Federal Jury Instructions (Civil), Instruction 89-33 (1987); 28 F.R.D. 401, 445; 5 Am. Jur. Trials at 1023, 1026-27.

Request No. 22.

## **Wrongdoer Must Take Plaintiff As He Finds Him**

A plaintiff's recovery for damages caused by a defendant's wrongful act may not be proportionately reduced because of a pre-existing weakness or susceptibility to injury such as an osteoarthritic condition or a weakness caused by a previous injury. <u>Maurer</u> v. <u>United States</u>, 668 F.2d 98, 100 (2d Cir. 1981); <u>Wise</u> v. <u>Union Pacific Railroad Co.</u>, 815 F.2d 55, 58 (8th Cir. 1987).

In other words, it is no defense that plaintiff, by reason of this pre-existing condition, was more susceptible to injury than would be a normal person. The wrongdoer must take his victim as he finds him[22].

---

[22] Douthwaite, <u>Jury Instructions on Damages in Tort Actions</u> §4-13 (1981). See also 1 <u>NY PJI 2d</u> §2:283 (1974).

Request No. 23.

## **Aggravation Of Pre-Existing Condition -- Damages**

If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a preexisting condition or a preexisting condition which rendered the plaintiff more susceptible to injury. Grimming v. Alton & Southern Railway Co. and Monsanto Co., 204 Ill. App. 3d 961, 562 N.E. 2d 1086 (5th Cir. 1990), cert. denied, 567 N.E. 2d 331 (1991); Maurer v. United States, 668 F.2d 98, 100 (2d Cir. 1981).

There is evidence in this case that plaintiff had a pre-existing injury or condition which existed prior to January 17, 1999. The railroad is only liable for damages you find to be caused by the occurrence of January 17, 1999. If you find that plaintiff's pre-existing condition made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.

If you find that defendant negligently caused further injury or aggravation to plaintiff's pre-existing condition, plaintiff is entitled to compensation for all of plaintiff's damages caused by the incident, including that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by the occurrence of January 17, 1999, then the defendant is liable for all the plaintiff's injuries[23].

---

[23] Stevens v. Bangor and Aroostock Rr Co., 97 F. 3d 594, 601-03 (CA1 1996).

Request No. 24.

## **Limited Economic Horizons**

In evaluating the plaintiff's claim for future impairment to earning capacity, a comparison of his earnings before and after the injury he sustained is not a significant or controlling consideration if you find that the injuries the plaintiff sustained have or will limit his economic horizons.[24]

---

[24] See, e.g., Wiles v. N.Y., Chicago & St. Louis R.R. Co., 283 F.2d 328, 332 (3rd Cir. 1960), Moore v. Chesapeake & O.Ry. Co., 649 F.2d 1004, 1011-12 (4th Cir. 1981); Anello v. Murphy Motor Freight Lines, Inc., 525 F.2d 276, 279-80 (2d Cir. 1975), Fleming v. American Export Isbradtsen Lines, Inc., 451 F.2d 1329, 1332-33 (2d Cir. 1971), and Taylor v. Monogahelia Ry. Co., 155 F. Supp. 601, 603 (W.D. Pa 1957).

Request No. 25.

### **Lost Earnings -- Computation.**

Regarding the annual compensation which plaintiff would have received in each future year, you must address several items, based on the evidence presented at this trial:

First, you must determine the amount of wages that would have been received in each year. Since the award, if any, is not subject to taxes, this amount should be an after-tax amount.

In determining the amount of such wages, you may start with the worker's annual wage at the time of injury. You then may consider the evidence presented and determine the extent to which the plaintiff would have received raises due to years of service, merit, promotions, or general increases in the wages of workers. (You may not consider raises which might have resulted from price inflation during those years, either through cost-of-living increases or otherwise.)

Second, you may also consider fringe benefits, including insurance coverage, pension and retirement plans as compensation in each year.

Finally, you should deduct from this annual amount unreimbursed expenses which would have been incurred in earning the future income. Such expenses might include transportation to work, uniforms and other such items.

You should calculate an amount of compensation for each future year during which the plaintiff would have worked.[25]

---

[25] Sand, 4 Modern Federal Jury Instructions §89-33 (1993).

Request No. 26.

**Discounting To Present Value.**

Once you have determined the lost annual compensation, if any, for each future year, totaling those annual figures would give you the approximate amount of lost future wages. However, it is self-evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for lost future earnings, you must reduce each annual installment to its present value. This process is referred to as "discounting to present value."[26]

---

[26] Sand, 4 Modern Federal Jury Instructions §89-34 (1993).

Request No. 27.

**Discounting Methods.**

In discounting the amount of lost future wages, if any, to present value, you should use one of the methods which I am about to describe to determine what discount rate to apply: the "total offset method" and the "real interest rate" method.

First, you must determine, based on the evidence at this trial, which method of discounting best reflects the pattern in plaintiff's line of work. I will review how each of these methods works:

In the "total offset method," it is assumed that, while it is true that a given sum of money in hand today will earn interest, it is also assumed that general inflation and other factors will completely offset that interest. Since I have already instructed you not to include wage increases due to general inflation in your computation of the amount of lost future wages, under this approach, you would not apply a discount rate.

In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is partially offset by increases in wages due to general inflation, with the remaining interest rate representing the "real" rate of interest. Since I have already instructed you not to include wage increases due to general inflation, under this approach, you would apply a discount rate equal to the "real interest rate." I charge you that, if you use this method, a discount rate between one and three percent would be reasonable.

Once you have determined the appropriate discount rate, if any, you should apply it to the lost annual income for each year separately. The sum of all the annual figures, after discounting, equals the award for lost wages. [27]

---

[27] Sand, 4 Modern Federal Jury Instructions §89-35 (1993).

Request No. 28.

## Discounting Method For Future Non-Pecuniary Damages
## Such As Pain, Suffering And Mental Anguish.

It is not necessary to reduce your award for future and tangible damages such as pain and suffering and mental anguish by any particular discount rate. It is sufficient if you generally take into account the time value of money without applying any precise mathematical adjustment.[28]

---

[28]  Oliveri v. Delta Steamship Lines, Inc., 849 F 2d 742, 751 (CA2 1988).

Request No. 29.

### **Award Is Not Taxable.**

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[29]

_____

[29] Sand, 4 Modern Federal Jury Instructions §89-36 (1993).

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 14th day of April, 2005 to Robert O. Hickey, Esq., Ryan Ryan Ryan Johnson & Deluca, 80 Fourth St., P.O. Box 3057, Stamford, CT 06905.

Charles C. Goetsch
_____
Charles C. Goetsch