UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____X

Frank Porto                                    Civil Action
                                               No: 3:01CV02345(JCH)

   Plaintiff

VS.

Metro-North Railroad Company                   April 20, 2005

   Defendant

_____X

### PLAINTIFF'S MOTION IN LIMINE REGARDING CONTRIBUTORY NEGLIGENCE

    The Federal Employers' Liability Act (FELA) provides that an FELA plaintiff "shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 54.  In other words, assumption of risk is not a defense available to a defendant railroad in an FELA case.

    Contributory negligence is a possible defense in an FELA case, but the defendant railroad has the burden of proving some lack of due care by the plaintiff.  It is well-settled that "If the defendant fails, however, to produce evidence of the plaintiff's lack of due care, then it is reversible error to give the instruction." Birchem v. Burlington Northern R. Co., 812 F.2d 1047, 1049 (8th Cir. 1987) [citing to cases].  Significantly, a railroad cannot rely solely on the credibility of the plaintiff's testimony to establish contributory negligence, but must produce independent evidence of the plaintiff's lack of due care to be entitled to a contributory negligence instruction. Borough v. Duluth, M. & I.R. Ry., 762 F.2d 66, 69 (8th Cir. 1985).

    It is imperative during an FELA trial that a railroad's claim of contributory negligence not

be confused with the plaintiff's assumption of the risks of his employment. The Ninth Circuit has drawn the distinction between the two common law doctrines within the context of the FELA:

> Although there is some overlap between assumption of risk and contributory negligence, generally the two defenses are not interchangeable. At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist. Defenses once embraced substantially within the concept of assumption of risk are barred under the FELA and may not be revived in the form of contributory negligence. Where an act of alleged contributory negligence is but the practical counterpart of assumption of risk, it does not constitute a defense.

Taylor v. Burlington N.R.R., 787 F.2d 1309, 1316 (9th Cir. 1986) (citations omitted). Thus, unless the Railroad can independently prove some act or omission by the plaintiff which added new dangers to the hazardous conditions and situations created by the Railroad, the Railroad is not entitled to a contributory negligence instruction. And if the Railroad's allegation of contributory negligence is but the practical counterpart of the hazardous condition, then it can not constitute a defense.

Here, the hazardous ice in Mr. Porto's work place was of longstanding duration, and he was ordered to perform a task that required him to walk on that ice. He did not add new danger to the hazardous situation created by the Railroad. The Railroad's assertion that Mr. Porto should not have walked on the ice is but the practical counterpoint of the hazardous condition created by the Railroad in maintaining ice in his work place. Accordingly, Metro-North is not entitled to a defense of contributory negligence.

Dated: April 20, 2002          FOR THE PLAINTIFF,

By _____
Charles C. Goetsch (CT00776)
CAHILL, GOETSCH & MAURER P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## Certificate of Service

This is to certify that a copy of the foregoing was first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., PO Box 3057
Stamford, CT 06905

on April 20, 2005.